MELINDA HAAG (CABN 132612)
United States Attorney

J. DOUGLAS WILSON (DCBN 412811)
Chief, Criminal Division

ARIANNA R. BERG (NYBN 4127825)
Assistant United States Attorney

    450 Golden Gate Avenue
    San Francisco, California 94102-3495
    Telephone: (415) 436-6776
    FAX: (415) 436-7234
    Arianna.berg@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. CR-13-0765 SI |
| v. | [PROPOSED] ORDER OF DETENTION OF DEFENDANT EUGENE HILL |
| EUGENE HILL, | |
| Defendant. | |

The defendant Eugene Hill came before this Court on December 6, 2013, for a detention hearing. The defendant was present and represented by Daniel Blank, Esq. Assistant United States Attorney Arianna Berg represented the United States.

The government requested detention, submitting that no condition or combination of conditions would reasonably assure the defendant's appearance or reasonably assure the safety of the community.

Pretrial Services submitted a report recommending detention.

Upon consideration of the Pretrial Services report, the court file and the parties' proffers as discussed below, the Court finds by (1) clear and convincing evidence that the defendant is a danger to the community, and (2) a preponderance of the evidence that no condition or combination of conditions

[PROPOSED] DETENTION ORDER
CR 13-0765 SI

would reasonably assure the defendant's appearance as required by the Court. The Court orders the defendant detained.

The present order supplements the Court's findings at the detention hearing and serves as a written findings of fact and statement of reasons as required by 18 U.S.C. § 3142(i).

The Bail Reform Act of 1984, 18 U.S.C. §§ 3141-50, sets forth the factors which the Court must consider in determining whether pretrial detention is warranted. In coming to its decision, the Court has considered those factors, paraphrased below:

(1) the nature and seriousness of the offense charged;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person including, among other considerations, employment, past conduct and criminal history, and records of court appearances; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

Defendant Eugene Hill is charged with one count of violating 18 U.S.C. § 922(g) (felon in possession of firearm) and one count of violating 18 U.S.C. § 1512(a)(2)(A) (witness tampering). The instant charges stem from the defendant's alleged possession of ammunition and a firearm. The witness tampering charge stems from the defendant's alleged attempt to influence, delay, and prevent the testimony of a witness in an official proceeding.

In considering all of the facts and proffers presented at the hearing, the Court finds the following factors among the most compelling in reaching its conclusion that no combination of conditions could reasonably assure the defendant's appearance or the safety of the community as required:

First, the Court is especially concerned about the defendant's danger to the community. The defendant has a significant criminal history, including a domestic violence misdemeanor conviction, which indicates his danger to the community. The Court also takes into account the nature and circumstances of the current witness tampering and possession of firearm and ammunition charges against the defendant, although that is the least heavily weighted factor for this Court.

Second, the Court does not believe that a drug treatment program would be sufficient to safeguard against the defendant's risk of flight or guarantee the safety of the community. It is worth

[PROPOSED] DETENTION ORDER
CR 13-0765 SI

noting that the defendant has a demonstrated history of being unable to comply with Court orders despite attending drug treatment programs. In addition, it appears that the defendant does not have viable sureties.

These factors, among others adduced at the hearing, demonstrate by a preponderance of the evidence that, if released, the defendant would not appear as required, and by clear and convincing evidence that the defendant is a danger to the community.

Accordingly, pursuant to 18 U.S.C. § 3142(I), IT IS ORDERED THAT:

(1) the defendant is committed to the custody of the Attorney General for confinement in a corrections facility;

(2) the defendant be afforded reasonable opportunity for private consultation with his counsel; and

(3) on order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

Dated: 12/16/13

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

[PROPOSED] DETENTION ORDER
CR 13-0765 SI