1

2

3              UNITED STATES DISTRICT COURT

4            NORTHERN DISTRICT OF CALIFORNIA

5

6    UNITED STATES OF AMERICA,                    Case No.  13-cr-00765-SI-1
                          Plaintiff,
7
                                                  **ORDER GRANTING MOTION TO**
8           v.                                    **SEVER AND GRANTING IN PART**
                                                  **MOTION FOR NOTICE OF RULE**
9    EUGENE HILL,                                 **404(B) EVIDENCE**
                          Defendant.
10                                                Re: Dkt. Nos. 137, 138

11

12          Now before the Court are defendant's motion to sever and defendant's motion for an order

13   requiring the government to provide notice of Rule 404(b) evidence.  For the reasons set forth

14   below, the Court GRANTS the motion to sever and ORDERS the government to provide notice of

15   the Rule 404(b) evidence by June 22, 2015.

16

17                              **BACKGROUND**

18          On November 21, 2013, the grand jury issued an indictment charging defendant Eugene

19   Hill with one count of being a felon in possession of a firearm, in violation of 18 U.S.C.

20   § 922(g)(1); and one count of obstruction of justice, in violation of 18 U.S.C. § 1512(a)(2)(A).  On

21   April 10, 2014, the grand jury issued a superseding indictment, containing the original two

22   charges, and also adding one count of robbery affecting interstate commerce, in violation of 18

23   U.S.C. § 1951(a), and one count of using or carrying a firearm during and in relation to a crime of

24   violence, in violation of 18 U.S.C. § 924(c).

25          In an order filed July 24, 2014, the Court granted defendant's motion to sever counts one

26   and two from counts three and four.  The Court found that "[f]rom the face of the indictment, the

27   only similarity apparent between counts one and two, and counts three and four, is that both count

28   one and count four allege firearms offenses."  Dkt. 96 at 3:7-8.  The Court noted, "[h]owever,

count one charges defendant with being a felon in possession of a firearm, while count four charges him with using or carrying a firearm during and in relation to a crime of violence. While both counts charge conduct taking place within the Northern District of California, the two charges are separated by a gap of more than five months. Additionally, count four alleges that defendant used a firearm during 'the robbery affecting commerce charged in Count Four [sic],' which in turn alleges that defendant robbed 'Victim 2,' an individual with no apparent relationship to the charges in counts one and two. This vague, thematic similarity is insufficient to support joinder of these charges." *Id*. at 3:8-15.

On September 11, 2014, the grand jury issued a second superseding indictment charging defendant with the same four counts contained in the superseding indictment. The second superseding indictment adds the new allegations that defendant "is a high-ranking member of KUMI 415 within the Santa Rosa, California, community" and that "KUMI 415 is an African-American prison and street gang that originated in the Bay Area. . . . Members of KUMI 415 protect the power, territory, reputation, and profits of KUMI 415 through the use of violence, threats of violence, extortion, assaults, robbery, firearms trafficking, and witness intimidation." Second Superseding Indictment ¶¶ 1-2. The second superseding indictment contains a new "Manner and Means" section that states that "[f]rom at least in or around April 2013 through at least in or around September 2013, EUGENE HILL used his status as a high-ranking member of KUMI 415 to gain access to Victim-1 and Victim-2. At various times relevant to this Indictment, EUGENE HILL held Victim-1 and Victim-2 captive using firearms, force, and the threat of physical force. All of these events occurred within a five-mile radius in Santa Rosa, California, an area controlled by KUMI 415." *Id*. ¶ 3.

With respect to the first victim, the second superseding indictment charges that "[i]n or around September 2013, Victim-1 was informed that KUMI 415 had authorized the murder of Victim-1's relative. On or about September 12, 2013, Victim-1 met with EUGENE HILL in HILL's capacity as a KUMI 415 leader in order to convince EUGENE HILL to cancel the murder. EUGENE HILL, brandishing a .32 caliber Ceska firearm ('Firearm-1'), drove Victim-1 to approximately 3 locations in Santa Rosa, California. Victim-1 feared for his life. EUGENE HILL

United States District Court
Northern District of California

2

exited the vehicle and began to load a magazine into the Firearm-1 and aim it at Victim-1's face. Although Victim-1 was able to escape, EUGENE HILL continued to look for Victim-1 and make threats against him." *Id.* ¶ 4.

The second superseding indictment also charges that "EUGENE HILL met and gained access to Victim-2 because of HILL's status as a leader of KUMI 415 within Santa Rosa, California.  On or about April 3, 2013, EUGENE HILL, using physical force and the threat of physical force, to rob Victim-2 of half of an ounce of methamphetamine.  While robbing Victim-2, EUGENE HILL struck Victim-2 in the face with another firearm (Firearm-2) and broke his cheekbone. EUGENE HILL then held Victim-2 captive while pointing Firearm-2 at him. EUGENE HILL coerced Victim-2 to drive to a large retailer in Santa Rosa, California, to shoplift items for EUGENE HILL under threat of further physical force.  While driving around with Victim-2, EUGENE HILL kept Firearm-2 displayed on his lap.  All of these actions placed Victim-2 in fear for Victim-2's life." *Id.* ¶ 5.

The second superseding indictment also alleges "beginning in at least April 2013, EUGENE HILL aided and abetted by others known and unknown to the Grand Jury, engaged in a pattern of intimidating individuals, including Victim-1, through the use of force and the threat of physical force, in order to influence, delay, and prevent testimony against EUGENE HILL." *Id.* ¶ 6.

Defendant now again moves to sever counts one and two from counts three and four, arguing misjoinder under Federal Rule of Criminal Procedure 8(a), and prejudicial joinder under Federal Rule of Criminal Procedure 14(a).  Defendant has also filed a motion seeking an order requiring the government to provide notice of Rule 404(b) evidence by 45 days prior to trial.[1] Specifically, defendant seeks notice of the evidence the government may introduce at trial regarding any uncharged acts of witness intimidation referred to in the second superseding indictment.

---

[1]  At the time defendant filed this motion, the trial date was set for December 1, 2014.  The parties subsequently requested a continuance of the trial, and trial is currently set to begin July 20, 2015, with a final pretrial conference scheduled for July 6, 2015.

United States District Court
Northern District of California

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DISCUSSION

### I.      Defendant's motion to sever

Defendant contends that the new "manner and means" section does not cure the deficiencies of the previous indictment and affords no basis for joining the four counts together. Defendant argues that the face of the new indictment does not show any causal or transactional connection between the April 2013 and the September 2013 allegations, and fails to establish a statutory or evidentiary overlap between the alleged crimes that would allow for a joint trial under Federal Rule of Criminal Procedure 8(a).  In response, the government contends that the second superseding indictment shows the similarities between the charged crimes because it charges that defendant used his status as a high-ranking member of KUMI 415 to gain access to both victims; defendant held both victims captive using firearms, force and the threat of physical force within a 5 mile radius in Santa Rosa, California; and defendant drove both victims around in vehicles while holding them captive.

Federal Rule of Criminal Procedure 8(a) provides that an indictment may charge a defendant with two or more offenses if the offenses charged: (1) "are of the same or similar character," (2) "are based on the same act or transaction," or (3) "are connected with or constitute parts of a common scheme or plan."  The validity of the basis for joinder "should be discernible from the face of the indictment" alone.  *United States v. Jawara*, 474 F.3d 565, 573 (9th Cir. 2006); *id*. at 572 ("We take the view that because Rule 8 is concerned with the propriety of joining offenses in the indictment, the validity of the joinder is determined solely by the allegations in the indictment.") (alteration, citation, and internal quotation marks omitted)).  Here, the government contends that the charged offenses "are of the same or similar character."

To determine whether charged offenses possess "the same or similar character," courts may examine factors such as "the elements of the statutory offenses, the temporal proximity of the acts, the likelihood and extent of evidentiary overlap, the physical location of the acts, the modus operandi of the crimes, and the identity of the victims," to the extent this information can be gleaned from the four corners of the indictment.  *Jawara*, 474 F.3d at 578.  However, the similarity of the charged offenses must "be ascertainable − either readily apparent or reasonably

4

inferred − from the face of the indictment." *Jawara*, 474 F.3d at 578; *see also id*. at 572-73 ("Though on occasion, our decisions have noted matters outside of the indictment, the established rule in this circuit is that a valid basis for joinder should be discernible from the face of the indictment, and we remain faithful to that principle here.") (footnotes omitted)).[2]  The Rule 8(a) analysis does not require courts "to engage in inferential gymnastics or resort to implausible levels of abstraction to divine similarity." *Id*.

Even if counts are properly joined under Rule 8(a), courts may order severance if it appears that joinder would prejudice the defendant. *See* Fed. R. Crim. P. 14(a).  To require severance under Rule 14(a), joinder must be "so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." *United States v. Brashier*, 548 F.2d 1315, 1323 (9th Cir. 1971).

The Court concludes that the second superseding indictment has not cured the deficiencies identified in the Court's July 24, 2014 order. The elements of the statutory offenses are different; h the only apparent similarity is that counts one and four allege firearms offenses.  However, the elements of these charges are different, with count one charging defendant with being a felon in possession of a firearm, while count four charges him with using or carrying a different firearm during and in relation to a crime of violence occurring on a different date.  The government's reliance on *United States v. Rousseau*, 257 F.3d 925, 932 (9th Cir. 2001), is unavailing because in that case the defendant was charged with two counts of being a felon in possession of a firearm, and thus the statutory elements of the crimes were identical.  The Court also finds that two of the other *Jawara* factors − temporal proximity and identity of victims − weigh in favor of severance. The two crimes are separated by a gap of more than five months, and the second superseding indictment does not set forth any connection between the two victims.

The government asserts that there is substantial likelihood of extensive evidentiary overlap

---

[2]  The Court notes that a number of the government's arguments in opposition to severance rely on matters that are not alleged in the second superseding indictment, such as the under seal declaration of John McCutcheon.  Under *Jawara*, the Court limits its review to the allegations of the second superseding indictment.  The Court notes, however, that even if the Court considered Mr. McCutcheon's declaration, the Court finds that the declaration does not support joinder of all of the counts.

due to defendant's membership in KUMI 415.  The government states that there will be overlapping witness testimony about defendant's role and influence in KUMI 415 as it relates to this case, and that the same law enforcement witnesses will testify as to all counts.  In *Jawara*, the Ninth Circuit instructed courts to "consider[] the 'extent of common evidence,' particularly, 'the important evidence.'"  *Jawara*, 474 F.3d at 578 (quoting *United States v. Randazzo*, 80 F.3d 623, 628 (1st Cir. 1996)); *see also Randazzo*, 80 F.3d at 628 ("Congress did not provide for joinder for unrelated transactions . . .  merely because some evidence might be common to all of the counts.")).  "[E]vidence of gang affiliation is admissible when it is relevant to a material issue in the case."  *United States v. Easter*, 66 F.3d 1018, 1021 (9th Cir. 1995) (holding gang membership evidence relevant to prove identity in bank robbery case where robbers wore masks and gloves and "evidence tending to show identity, such as the gang-related connections between the defendants, the mastermind of the crime, and the getaway car, was very probative").

Here, the indictment alleges that defendant "used his status as a high-ranking member of KUMI 415 to gain access to Victim-1 and Victim-2."  Second Superseding Indictment ¶ 3.  The indictment does not contain any other information about defendant's gang membership.  Based upon the face of the indictment, the Court cannot draw any conclusions about the admissibility of the gang evidence.  However, the Court cannot conclude, based upon the indictment, that the gang evidence is relevant to a material issue, or that the gang evidence is necessarily "important evidence" to the counts involving both victims.

The government also asserts that joinder is proper because of the similar *modus operandi* of the crimes.  The government argues that in both crimes, defendant used his gang status to gain access to the victims, and used a firearm and either the threat of force or force to intimidate his victims, while driving in vehicles around the Santa Rosa, California area.  Courts in the Ninth Circuit "have traditionally taken a narrow view" of what qualifies as *modus operandi* evidence. *Hirst v. Gertzen*, 676 F.2d 1252, 1262 (9th Cir. 1982); *United States v. Luna*, 21 F.3d 874, 878-89 (9th Cir. 1994).  The Court finds that the alleged similarities between the two crimes are "not sufficiently distinctive enough" to qualify as a modus operandi.  *Luna*, 21 F.3d at 878 (holding that common characteristics of four robberies, such as use of  guns, masks, gloves, bags, loud entry,

United States District Court
Northern District of California

6

use of profanity and the abuse of bank employees, were too generic to qualify as modus operandi evidence).

When considering whether joinder is proper under Rule 8(a) the Court may only look to the indictment itself; accordingly, defendant's motion to sever counts one and two, from counts three and four, is GRANTED.  Because the Court finds that joinder is improper, it does not reach the question of prejudicial joinder under Rule 14(a).

## II.      Rule 404(b) notice

Federal Rule of Evidence 404(b) states that "upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown."  The Advisory Committee Notes to the 1991 Amendments that added the notice requirement to Rule 404(b) indicate that:  "Other than requiring pretrial notice, no specific time limits are stated in recognition that what constitutes a reasonable request or disclosure will depend largely on the circumstances of each case."  "Likewise," the Advisory Committee noted, "no specific form of notice is required."  Three weeks has been found to be reasonable.  *See United States v. Martin*, No. CR 07 1205, 2009 WL 997396 (C.D. Cal. April 14, 2009).

Defendant requests that the government provide notice of its intent to introduce Rule 404(b) evidence approximately 45 days before trial.  The government responds that it will provide required notice two weeks before the pretrial conference and approximately one month before the trial date. Defendant argues that the Rule 404(b) notice should be provided earlier because the government has alluded to an unknown number of witness intimidation incidents, and the defense has no discovery regarding these incidents. Defendant argues that if discovery regarding multiple alleged acts of obstruction is provided only two weeks before the pretrial conference, the defense will not have not sufficient time to investigate these allegations and to prepare for pretrial motion practice. With respect to the government's assertion that early disclosure will endanger witness safety, defendant proposes that the witness identifying information contained in the government's Rule 404(b) notice shall be accessible to counsel only until two weeks before the pretrial

7

1  conference date, the disclosure day proposed by the government.

2  Taking into consideration the competing concerns articulated by both the government and

3  the defense, the Court ORDERS as follows:  the government shall provide notice of its intent to

4  introduce Rule 404(b) evidence by **June 22, 2015**.  The witness identifying information contained

5  in the government's Rule 404(b) notice shall be accessible only to counsel until **June 30, 2015**.

6

7  ## CONCLUSION

8  For the foregoing reasons and for good cause shown, and on the basis of the record before

9  it, the Court hereby GRANTS defendant's motion to sever, and orders the government to provide

10  notice of its intent to introduce Rule 404(b) evidence by **June 22, 2015**.  The witness identifying

11  information contained in the government's Rule 404(b) notice shall be accessible only to counsel

12  until **June 30, 2015**.

13

14  **IT IS SO ORDERED.**

15

16  Dated: March 10, 2015

17  _____

18  SUSAN ILLSTON
   United States District Judge

19

20

21

22

23

24

25

26

27

28